[Hamilton Circuit Court, January Term, 1894.]  3 Dec. 599

Swing, Cox and Smith, JJ.

## RAILWAY CO. V. HART.

1. DEFECT IN BILL OF EXCEPTIONS CANNOT BE CURED BY AMENDMENT AT SUBSEQUENT TERM.

To make a paper a part of a bill of exceptions, it must be incorporated in it, or attached to it, or filed with it, and so described as to leave no doubt as to its identity. When not so made a part of the bill, the defect cannot be cured by obtaining an entry in the trial court at a subsequent term directing it to be taken as a part of the bill.

2. AFFIRMATIVE PROOF OF ABSENCE OF CONTRIBUTORY NEGLIGENCE NOT NECESSARY.

It is error for the court to charge the jury that plaintiff not only must prove defendant's negligence, but also prove affirmatively that he did not contribute to his injury. The burden of showing contributory negligence is on the defendant.

3. ERROR PRESUMED IN CHARGE TO JURY WHERE LAW NOT CORRECTLY STATED.

Parties are entitled to a correct statement of the law by the court in its charge and error will be presumed when the law is not correctly stated, but the error must appear to be prejudicial to plaintiff in error.

SWING, J.

This case of the *P. C. & St. L. Ry. Co.* v. *Hart*, was heard some time ago, and should have been decided sooner, and it would have been, had it not been for the fact court was divided as to one important question in the case.

There are several grounds of error assigned, but we will confine our remarks to the two grounds which seem to be the ones principally relied on by plaintiff in error.

The defendant in error, Hart, recovered a judgment against the plaintiff in error, in the Hamilton county common pleas, for injuries received on defendant company's road in the state of Pennsylvania, while employed by the Adams Express Co., running on said road from Cincinnati to Pittsburg.

It was claimed in the court of common pleas, by the plaintiff in error, that defendant in error's right to recover must be governed by the law of Pennsylvania. And the law of Pennsylvania, as stated in 96 Penn. St., was offered in evidence; but within the time allowed for signing the bill of exceptions' it was not made a part of the bill of exceptions. Upon the trial of the case in this court, this omission was pointed out, whereupon counsel went to the court of common pleas, and upon motion at a subsequent term, the correction was made, and the bill of exceptions amended. Could this be done? We think not. We are not aware that the rule laid down in *Busby* v. *Finn*, 1 Ohio St., 409, has ever been changed by our supreme court. It seems to us that the second proposition of the syllabus in that case is directly in point as well as the language of Judge THURMAN in his opinion on page 414. If we are correct as to this matter, we cannot consider the question attempted to be raised. Neither can we consider the question of error, that the verdict is against the evidence, as all of the evidence is not before us. On this point there is no decision of the court.

The next question of error arises on the charge of the court.

That portion of the charge about which the court is divided, and as to the correctness of which there is great doubt, commences on page 112 of the bill of exceptions at the words, "right here," and ends on page 113 with the words "upon himself."

Unquestionably the court did not state the law correctly in that portion of the charge, when it says: "Then it is incumbent, and the burden of proof is cast upon the defendant to show that the negligence of the railroad company did not produce the injury complained of, and that the plaintiff contributed to his

own injury in this case." If this charge was alone, and stated as an independent. proposition of law, it being erroneous, the judgment would have to be reversed; but it is not stated as an independent proposition, but is given in connection with what precedes it, and as a part of it. In that portion of the charge which pre-- cedes it is stated very strongly against the plaintiff, and in this there is undoubt-- edly error, prejudicial to plaintiff. The court says that before they can give judgment for the plaintiff, the jury must find, not only that the defendant was guilty of negligence, but also that he did not contribute to his own injury. This point is repeated and emphasized, and under this charge the jury were not au- thorized to find for plaintiff, unless they found these two facts, viz.: that the defendant was guilty of negligence, and that the plaintiff did not contribute to his own injury, and they must find this under the instruction that the plaintiff must show this, and this was more than the law required of him, for the burden of showing contributory negligence was on the defendant. Being first required to find this, it seems to us that the use of the word "and" instead of "or" in the sentence that followed, was not "calculated" to mislead the jury.

The charge must be construed as a whole, and as a whole it certainly is against the plaintiff.

As against this view, we are confronted with the decisions of our court to the effect that the parties are entitled to a correct statement of the law, and that error is presumed when it is not correctly stated. And in attempting to har- monize those rules, we are in doubt as to the correctness of our decision; but it is incumbent on plaintiff in error to show error to his prejudice—and this a ma- jority of the court think has not been done.

As to the other errors assigned we think they are not well taken; they arose on questions which were within the discretion of the court.

The judgment will therefore be affirmed, with costs, without penalty.